SHARON L. NELSON
Nevada Bar No. 6433
NELSON LAW
401 N. Buffalo Drive, Suite 210
Las Vegas, Nevada  89145
Telephone:     (702) 247-4LAW
Facsimile:     (702) 737-4LAW
Attorneys for Plaintiff

# UNITED STATE DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL KAUFFMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STRATOSPHERE GAMING CORP. d/b/a STRATOSPHERE HOTEL & TOWER, a Nevada business; FRESCA, LLC d/b/a ARIZONA CHARLIE'S BOULDER, a Nevada Business;; inclusive,<br><br>Defendants. | CASE NO.: CV-S-06-00187-RCJ(LRL)<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff DANIEL KAUFFMAN, individually and on behalf of a class of all similarly situated individuals (hereinafter referred to as "Plaintiff"), by and through counsel, Sharon L. Nelson of Nelson Law, alleges and states as follows:

### GENERAL ALLEGATIONS

1.   At all times relevant herein, Plaintiff was an individual residing in the State of Nevada.

2.   At all times relevant herein, Stratosphere Gaming Corp. d/b/a Stratosphere Hotel & Tower, operated a casino/hotel gaming property in Las Vegas, Nevada.

3. At all times relevant herein, Fresca LLC d/b/a Arizona Charlie's Boulder operated a casino/hotel gaming property in Las Vegas, Nevada.

4. On information and belief, all named Defendants herein are licensed to conduct business in the State of Nevada.

5. All the acts and/or failures to act alleged herein were duly performed by and/or are attributable to all named Defendants herein.

6. At all times relevant herein, Defendants and each of them employed at least two (2) individuals and did in excess of $500,000.00 in business per year.

## STATUTORY BACKGROUND

7. The FAIR LABOR STANDARDS ACT (hereinafter "FLSA"), 29 U.S.C. 206(a) requires employers engaged in interstate commerce to pay overtime wages to all eligible employees who work in excess of forty (40) hours in a workweek.

8. Additionally, employees must be paid for all time worked.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF

9. Plaintiff incorporates paragraphs 1-9 by this reference as though fully set forth herein.

10. At all times relevant herein, Plaintiff was employed by Fresca, LLC d/b/a Arizona Charlie's Boulder as a security officer.

11. At all times relevant herein, Plaintiff was an employee engaging in work regularly involving interstate commerce.

12. At all times relevant herein, on information and belief, Plaintiff was required to present to work a minimum of fifteen (15) minutes prior to his shift for purposes of a security briefing.

13. At all times relevant herein, on information and belief, Plaintiff was forced to clock after pre-shift briefing and was not paid for the additional fifteen (15) minutes of work time spent at pre-shift briefing.

14. At all times relevant herein, Plaintiff and those similarly situated worked in excess of forty (40) hours in a workweek.

15. At all times relevant herein, Plaintiff was a non-union employee.

## FACTUAL ALLEGATIONS PERTAINING TO THE COLLECTIVE ACTION MEMBERS

16. Plaintiffs incorporate paragraphs 1-16 by this reference the same as though fully set forth herein.

17. On information and belief, Defendants and each of them require all similarly situated employees to present for work fifteen (15) minutes prior to the start of the respective employee's shift for the purposes of security briefing for which the employee is/was not paid.

18. At all times relevant herein, on information and belief, Defendants and each of them, required similarly situated employees to work in excess of forty (40) hours in a workweek without overtime compensation.

19. At all times relevant herein, on information and belief, similarly situated employees were non-union employees.

## COLLECTIVE ACTION DEFINITION AND ALLEGATIONS

20. Plaintiff incorporates paragraphs 1-20 by this reference the same as though fully set forth herein.

21. The Class/Collective Action is defined as all security personnel or similarly situated employees in Defendants' security departments or divisions who were required to attend preshift briefing.

22.     Upon information and belief, the conduct of Defendants has been ongoing for two (2) to in excess of twenty (20) years and hundreds of employees, present and former, have been impacted.

23.     Defendants' practices are continuing and Plaintiff is unable to identify future victims, thus joinder is impracticable.

24.     Defendants have acted on grounds generally applicable to the class/collective action, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class/collective action as a whole.

25.     A class/collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE COLLECTIVE ACTION MEMBERS)**

26.     Plaintiff incorporates paragraphs 1-26 by this reference the same as though fully set forth herein.

27.     Defendants' conduct violates the provisions of the FLSA which require that all eligible employees who perform work in excess of forty (40) hours in a given workweek be paid overtime or premium rates for that work time and to be paid for all hours worked.

28.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and all other similarly situated incurred damages in excess of $10,000.00 for unpaid overtime and/or unpaid wages.

29.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and all other similarly situated incurred damages in excess of $10,000.00 in liquidated damages.

30. It has been necessary for Plaintiff and other class/collective action members to retain an attorney to prosecute this action and so they are entitled to recover reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (DECLARATORY RELIEF ON BEHALF OF PLAINTIFF AND THE COLLECTIVE ACTION MEMBERS)

31. Plaintiff incorporates paragraphs 1-31 by this reference the same as though fully set forth herein.

32. Defendants' continued violation of federal law requires declaratory relief to prevent further harm.

33. Plaintiff and all others similarly situated request that this Court declare Defendants' conduct violative of the laws identified in this Complaint and to declare Defendants' conduct a violation of federal law.

**WHEREFORE**, Plaintiff and all others similarly situated, request the following relief:

1. Actual and general damages;
2. Punitive and exemplary damages;
3. Statutory damages as allowed by law;
4. Liquidated damages as allowed by law;
5. Declaratory relief;
6. Attorney's fees, costs and expenses;

//

//

//

7. For such other relief as the Court deems just and equitable.

Dated this 21 day of July 2006.

**NELSON LAW**

/s/ Sharon L. Nelson
SHARON L. NELSON
Nevada Bar No. 6433
401 N. Buffalo Drive, Suite 210
Las Vegas, Nevada 89145
Attorneys for Plaintiff